74 F.3d 1224
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jack SCHWARTZ, Plaintiff, Appellant,
v.
The MITRE CORPORATION, Defendant, Appellee.
 No. 95-1817.
 United States Court of Appeals, First Circuit.
 Jan. 23, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts
 Paul H. Merry, with whom Garrity, Levin & Muir was on brief for appellant.
 David J. Kerman, with whom Jackson, Lewis, Schnitzler & Krupman was on brief for appellee.
 TORRUELLA, Chief Judge, CYR, Circuit Judge, and SKINNER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Jack Schwartz challenges the summary judgment order dismissing his age discrimination claims under federal and state law[1] against his former employer, MITRE Corporation ("MITRE"). Following oral argument, full briefing, and careful plenary review of the entire record, we affirm the district court judgment, substantially for the reasons explained in Woods v. Friction Materials, Inc., 30 F.3d 255 (1st Cir.1994).
 
 
 2
 Schwartz commenced employment with MITRE in 1983, at age fifty-two, as a member of its technical staff. In the fall of 1990, his job performance rating placed him in the bottom ten percent of all technical staff employees in his division with comparable experience. A few months later, MITRE laid off Schwartz and 118 other employees in a reduction in force. Approximately one year later, Schwartz instituted this age discrimination action.
 
 
 3
 The parties acknowledge that the only issue on appeal is whether Schwartz proffered evidence sufficient to enable a reasonable trier of fact to find that MITRE's stated reason for discharging him was a pretext for age discrimination. See id. at 262. There can be no question that MITRE gave a nondiscriminatory reason for firing Schwartz, viz., failure to perform as well as other division employees with similar experience. Schwartz responded, inappositely, with affidavits generally attesting to his abilities as an engineer and physicist; the affidavits did not, however, raise a material issue as to the comparability of Schwartz' job performance vis--vis that of other division employees the articulated reason for the termination. Id. Nor did the statistical evidence submitted by Schwartz establish a trialworthy issue in this disparate treatment case, since it did not purport to show that he was discharged by MITRE based on a discriminatory animus, as distinguished from inferior job performance. See LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 848 (1st Cir.1993) (noting limited probative value of statistical evidence in disparate treatment case), cert. denied, 114 S.Ct. 1398 (1994).
 
 
 4
 Finally, Schwartz attested to an occasion in late 1989, when one George Randig, a MITRE department head, allegedly informed a group of employees, that MITRE management intended to rate senior employees according to a new, more exacting performance standard. Although Randig was not involved in any way in the decision to terminate him, Schwartz contends that this statement evinces that age bias infected MITRE's entire job performance evaluation system in the year prior to the reduction in force which cost him his job. Based on a careful review of the affidavit in the light most favorable to Schwartz, id. at 841, we conclude that it too failed to raise a genuine issue of material fact on the question of pretext.
 
 
 5
 First, as the district court held, the inferences Schwartz would have the court draw are highly speculative; just how speculative cannot readily be determined due to Schwartz' failure to proffer the Randig language upon which he would have a factfinder draw the inferences for which he contends. And, in all events, MITRE considered Schwartz' job performance inferior to other division employees of similar experience and age. Consequently, even assuming the affidavit were sufficient to support a reasonable inference that MITRE rated older employees more severely than younger employees to facilitate inclusion of older employees in any reduction in force the affidavit nevertheless is inapposite to the articulated basis for Schwartz' termination. In sum, there is no competent evidence of pretext which would support the present age discrimination claim.
 
 
 6
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 See 29 U.S.C. Sec. 623 (1988 & Supp. V); Mass. Gen. Laws Ann. ch. 151B (West 1996); Charland v. Muzi Motors, Inc., 631 N.E.2d 555, 557-58 (Mass.1994)(ruling that chapter 151B provides the exclusive statutory remedy for age discrimination)